# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:16-cv-00097-KDB
# (CRIMINAL CASE NO. 5:12-cr-00037-KDB-DCK-2)

| | |
|---|---|
| JOSHUA JACOBY MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1],[1] Petitioner's Supplemental Motion to Vacate Sentence Under 28 U.S.C. § 2255 [CV Doc. 2], and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 9]. The Petitioner is represented by Joshua Carpenter and Caryn Devins Strickland of the Federal Defenders of Western North Carolina.

I.  **BACKGROUND**

On September 18, 2012, Petitioner Joshua Jacoby Morrison ("Petitioner") was charged in a Bill of Indictment with two counts of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts One and Four); two counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1952 and 2 (Counts Two and Five); and two counts of aiding and abetting the using, carrying, and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three and Six). [CR Doc. 1: Indictment]. The Indictment

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:16-cv-00097-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:12-cr-00037-KDB-DCK-2.

reads, in pertinent part, as follows:

At all times material to this Bill of Indictment, Margaret Caudle Tax Services, was a business engaged in commercial activities in Western District of North Carolina and elsewhere, whose activities affected interstate commerce. Margaret Caudle Tax Services prepared State and Federal tax returns for individuals, farms, and small businesses located in multiple states. Margaret Caudle Tax Services was located at 294 Turnersburg Highway, Statesville, NC.

### COUNT ONE

On or about April 11, 2012, in Iredell County, within the Western District of North Carolina and elsewhere, the defendants, [Marvin Lyle King, Jr., Joshua Morrison, and Antoine Ferone] did knowingly and unlawfully conspire with each other to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3) and the movement of articles and commodities in commerce, <u>by robbery, in that the defendants did take United States currency belonging to Margaret Caudle Tax Services, located at 294 Turnersburg Highway, Statesville, NC, from the person and presence of others, against their will, and by means of actual and threatened force, violence, and fear of immediate and future injury</u>.

All in violation of Title 18, United States Code, Section 1951.

### COUNT TWO

On or about April 11, 2012, in Iredell County, within the Western District of North Carolina, the defendants, [Marvin Lyle King, Jr., Joshua Morrison, and Antoine Ferone] did knowingly and unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3) and the movement of articles and commodities in commerce, <u>by robbery, in that the defendants did take United States currency belonging to Margaret Caudle Tax Services, located at 294 Turnersburg Highway, Statesville, NC, from the person and presence of others, against their will, and by means of actual and threatened force, violence, and fear of immediate and future injury, and did aid, abet, counsel, command, induce and procure each other in the commission of that offense</u>.

All in violation of Title 18, United States Code, Section 1951

and 2.

## COUNT THREE

On or about April 11, 2012, in Iredell County, within the Western District of North Carolina, the defendants, [Marvin Lyle King, Jr., Joshua Morrison, and Antoine Ferone] aiding and abetting each other, <u>during and in relation to a crime of violence, that is, the robbery, a violation of Title 18, United States Code, Section 1951 set forth in Counts One and Two</u> for which they may be prosecuted in a court of the United States, did knowingly, and unlawfully use and carry a firearm, and, in furtherance of such crime of violence, did possess said firearm.

It is further alleged that said firearm was brandished, in violation of Title 18, United States Code, Section 924 (c)(1)(A)(ii).

All in violation of Title 18, United States Code, Sections 924(c) and 2.

[CR Doc. 1 at 1-3 (emphases added)].

Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to pleaded guilty to Counts One, Two, Three, Four, and Five of the Indictment and the Government agreed to dismiss Count Six. [CR Doc. 32 at 1: Plea Agreement]. On January 4, 2013, Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 33: Entry and Acceptance of Guilty Plea].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 42: PSR]. The probation officer found Petitioner's criminal history category to be III and his Total Offense Level to be 23. [Id. at ¶¶ 57, 68]. Petitioner's statutory term of imprisonment for Count Three was a minimum of seven years to life. 18 U.S.C. 924(c). The resultant guidelines range for imprisonment was 57 to 71 months followed by a mandatory consecutive sentence of 7 years. [Id. at ¶¶ 98-99]. Petitioner's sentencing hearing was held on January 6, 2014. Petitioner stipulated to the existence of a factual basis to support the essential

elements of the charges to which Petitioner pleaded guilty. [CR Doc. 72 at 3: Sentencing Tr.]. The Court, without objection, adopted the PSR for all purposes of sentencing. [Id. at 3-4]. The PSR provided, in pertinent part, as follows:

> During the investigation, officers found that on April 11, 2012, about then minutes prior to the robbery, Marvin King entered Alliance Insurance and requested an insurance quote from an Alliance Insurance employee. The employee stated that King acted suspicious and continuously looked around the building. Upon receiving the quote, King indicated that he would return the next week and then exited the building.
>
> Approximately ten minutes after King left the business, two other male subjects, later identified as **Joshua Morrison** and Antoine Ferone, ran into the business displaying guns. One of the males pointed a handgun at the insurance employee, ordered her to give him money and then her to lie face down on the floor. The employee's driver's license was taken, as was a bank bag that contained money that belonged to Alliance Insurance. Subsequently, the on-site employee for Margaret Caudle Tax Services approached the area where the insurance employee was laying. One of the robbers than escorted the tax service employee, with a gun pressed to her back, to a safe located in the back of the business. The robber grabbed money out of the safe and money box. He ordered the employee to lay face down on the floor and **Morrison** and Ferone left the building. One of the victims attempted to call 911, but **Morrison** or Ferone had pulled the phone cable out of the wall; therefore, the other victim called 911 from another phone.
> …
> On June 14, 2012, authorities confirmed that the two firearms used in the robbery were not manufactured in the State[ ] of North Carolina, and therefore, were shipped or transported in interstate [or] foreign commerce.

[CR Doc. 42 at 6-7 (emphasis in original)].

The Court sentenced Petitioner to 57 months on each of Counts One, Two, Four, and Five, to be served concurrently, and a term of 84 months on Count Three, to be served consecutively to the terms imposed on Counts One, Two, Four, and Five, for a total term of 141 months' imprisonment. [CR Doc. 54 at 2: Judgment]. Judgment on this conviction was entered on January

4

15, 2014. [Id.]. Petitioner did not file a direct appeal of his conviction.

On June 9, 2016, Petitioner filed a Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Thereafter, counsel was appointed for Petitioner and he filed a Supplemental Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 2] on June 17, 2016, arguing that his conviction under 18 U.S.C. § 924(c) on Count Three is invalid under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). [CV Doc. 2]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 3]. Upon request by the Government, the Court then stayed the matter pending the Fourth Circuit's decision in <u>United States v. Ali</u>, 15-4433. [CV Doc. 4, 5]. The Fourth Circuit then ordered that <u>Ali</u> would be held in abeyance pending the Supreme Court's decision in <u>United States v. Davis</u>, No. 18-431. The Supreme Court decided <u>Davis</u> on June 24, 2019. On August 14, 2019, Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 8]. The Government then moved to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 9]. The Petitioner responded to the Government's motion [CV Doc. 11] and the Government replied [CV Doc. 13].

This matter is now ripe for disposition.

**II.   STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Three was imposed in violation of the Constitution and laws of the United States. [CV Doc. 2 at 1].

In his Supplemental Section 2255 Motion to Vacate, Petitioner alleges:

> On January 6, 2014, this Court sentenced [Petitioner] to a[n] 84-month consecutive sentence for possession of a firearm during and in relation to **a Hobbs Act robbery** in violation of 18 U.S.C. § 924(c).

[CV Doc. 2 at 1 (emphasis added)]. Petitioner then argues:

> [Petitioner's] § 924(c) conviction for using a firearm in relation to a "crime of violence" is void because **the predicate offense of Hobbs Act robbery** does not qualify as a "crime of violence" in light of Johnson.

[Id. at 2 (emphasis added)].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies

6

retroactively to claims asserted on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Section 924(c), which is at issue here, criminalizes the use of a firearm in furtherance of a "crime of violence."  Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause").  18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's charge of substantive Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause.  [CV Doc. 2 at 4].  Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019).  In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague."  139 S. Ct. at 2336.  As such, after Davis, a § 924(c) conviction is valid only if the underlying "crime of violence" satisfies the "force clause."

Recently, the Fourth Circuit has addressed whether Hobbs Act conspiracy and Hobbs Act robbery are "crimes of violence" such that they may serve as § 924(c) predicates.  In United States v. Simms, 914 F.3d 229 (4th Cir. 2019), the Fourth Circuit held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" for § 924(c) purposes.  On the other hand, in United States v. Mathis, 932 F.3d 242 (2019), the Fourth Circuit squarely held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."  932 F.3d at 266.

After Davis, Simms, and Mathis were decided, Petitioner filed a supplemental

7

memorandum in support of his Section 2255 motion in which he argues, for the first time, that his § 924(c) conviction was predicated only on *conspiracy* to commit a Hobbs Act robbery, not on substantive Hobbs Act robbery, because "[Petitioner's] guilty plea to the Section 924(c) count is predicated on the 'least serious' charge of conspiracy, not the more serious substantive charge." [Doc. 8 at 2-3 (citing United States v. Chapman, 666 F.3d 220, 227 (4th Cir. 2012) and United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011))]. Therefore, under Petitioner's latest argument, if Petitioner were deemed to have been convicted of a violation of § 924(c) predicated only on *conspiracy* to commit Hobbs Act robbery, then Petitioner's § 924(c) conviction is unconstitutional.

Vann involved a direct appeal of the application of an ACCA sentencing enhancement for three previous convictions under North Carolina's indecent liberties statute, N.C.G.S. 14-202.1, the violation of which the district court found to be a violent felony. 660 F.3d at 772. Section 14-202.1(a) provides, in pertinent part, that "[a] person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:"

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purposes of arousing or gratifying sexual desire; **or**
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

Vann, 660 F.3d at 772-73 (quoting N.C.G.S. § 14-202.1(a) (emphasis added)). Subsection (a)(2) of this criminal statute is considered a "violent felony," while subsection (a)(1) is not. The charging document, as is appropriate, stated the statute conjunctively, rather than using the disjunctive "or." Id. at 774.

The Fourth Circuit held that the district court improperly enhanced defendant's sentence

based on defendant's three previous convictions under this statute because the defendant did not necessarily plead guilty to violation of subsection (a)(2), the disjunctive "violent felony," when he pleaded guilty to the conjunctively stated charge in the indictment. Vann, 660 at 774-76. The Fourth Circuit, therefore, found that defendant's indecent liberties offenses were not ACCA violent felonies and vacated defendant's sentence. Id. at 776.

In Chapman, the Fourth Circuit addressed a criminal defendant's constitutional challenge to Section 922(g)(8), which prohibits a person who is subject to a domestic violence protective order from possessing a firearm under certain circumstances. Chapman, 666 F.3d at 223. As part of this inquiry, the Court, citing Vann, noted that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." 666 F.3d at 228 (citing Vann, 660 F.3d at 775).

Neither Vann nor Chapman apply here. Petitioner was not charged in an indictment "alleging conjunctively the disjunctive components of a statute," such that it cannot be said that Petitioner necessarily pleaded guilty to possessing a firearm in furtherance of a crime of violence in violation of § 924(c). Rather, Petitioner was charged separately with two violations of 18 U.S.C. § 1951, one for Hobbs Act conspiracy (Count One) and one for aiding and abetting substantive Hobbs Act robbery (Count Two), then charged with a § 924(c) violation based on "the robbery" set forth in Counts One and Two.[2] [CR Doc. 1]. Petitioner pleaded guilty to and was convicted under § 924(c) based, at least in part, on the predicate of aiding and abetting Hobbs Act robbery.

---

[2] Petitioner argues that Count Three should be read to include both Hobbs Act conspiracy and substantive Hobbs Act robbery as the predicate "crime of violence" (and that, under Chapman and Vann, Petitioner is deemed to have pleaded guilty to the "least serious" of these two offenses). [CV Doc. 8 at 2-4]. The Court disagrees with Petitioner's reading of the Indictment, as it strains logic and grammatical norms. The Court, however, gives Petitioner the benefit of his interpretation because it is not dispositive.

Petitioner's conviction on Count Three, therefore, is valid if aiding and abetting Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.

Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). In re Colon, 826 F.3d at 1305; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 9] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 31, 2020

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge